# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

JORGE GONZALEZ OCHOA,

   Petitioner,

vs.

BRIAN D. GARDNER, et al.,

   Respondents.

No.  C26-0134-LTS-KEM

**INITIAL
REVIEW ORDER**

_____

 This matter is before me on Jorge Gonzalez Ochoa's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently detained at the Linn County Jail in Cedar Rapids, Iowa.  Doc. 1 at 1, 3.

 A citizen of Columbia, Gonzalez Ochoa entered the United States with his fiancé on October 25, 2024.  *Id.* at 4.  He was detained by Customs and Border Patrol and an order for expedited removal was issued.  *Id.*  The Department of Homeland Security (DHS) subsequently vacated the expedited removal order and issued Gonzalez Ochoa a Notice to Appear before an immigration judge.  *Id.* at 7.  In November 2024, he was released on an order of recognizance and placed on an "alternative to detention" program. *Id.* at 2, 4, 7.

 On September 25, 2025, Immigration and Customs Enforcement (ICE) detained Gonzalez Ochoa.  An immigration judge granted DHS's motion to dismiss the removal proceedings on October 24, 2025.  *Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 924 (S.D. Iowa 2026).  During separate criminal proceedings, the Southern District of Iowa ordered Gonzalez Ochoa to be released on conditions of supervision on December 23, 2025.  *Id.*  However, ICE sent arrest and detention paperwork to the Muscatine County Jail, seeking his continued detention in ICE custody.  *Id.* at 924–25.  On January

2, 2026, the Southern District granted Gonzalez Ochoa's petition for habeas corpus in part, ordering respondent to provide him a bond hearing within seven days. *Id.* at 930. As a result of technical difficulties, no such hearing occurred and ICE released Gonzalez Ochoa from custody on an order of recognizance on January 9, 2026. Doc. 1 at 7-8. He asserts that on June 11, 2026, ICE again re-detained him, without notice and an opportunity to be heard, even though he has complied with all conditions during his periods of release. *Id.* at 1, 8, 12.

Gonzalez Ochoa challenges his re-detention as a violation of the due process clause. *Id.* at 12-15. He asserts that all three factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), weigh in favor of a bond hearing. Doc. 1 at 15. He seeks his immediate release from custody or, alternatively, a bond hearing within five days with the burden of proof on the Government. *Id.* at 15-16. In addition, he requests an order barring his transfer out of this district while this action is pending, as well as an order to show cause within three days why this petition should not be granted. *Id.* He also requests an order barring respondents from re-detaining him absent a pre-deprivation hearing where the Government must demonstrate flight risk and danger to community. *Id.* at 16.

Gonzalez Ochoa paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a). Rule 1 of the Rules Governing § 2254 Cases allows the court to apply the § 2254 rules to § 2241 cases. Rule 4 of the Rules Governing § 2254, in turn, directs the court to conduct an initial review of any petition and dismiss it if it plainly appears a petitioner is not entitled to relief.

"The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment." *Bernabe-Reynoso v. United States*, No. 1:24-CV-01002, 2024 WL 1588334, at *1 (D.S.D. Mar. 8, 2024) (quoting *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)), *report and recommendation adopted,* No. 1:24-CV-01002, 2024 WL 1585213 (D.S.D. Apr. 11, 2024). Section 2241(c) provides that "[h]abeas corpus relief shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" Under that provision, the Supreme Court has

considered claims brought by aliens utilizing § 2241 petitions to dispute the legality of their detention.  *See, e.g.*, *Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018).  "A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is 'in custody,' and (2) the custody is 'in violation of the Constitution or laws or treaties of the United States.'"  *Mario A. B. v. Sec'y of Homeland Sec.*, No. CV18-2705, 2019 WL 542944, at *1 (D. Minn. Jan. 4, 2019), *report and recommendation adopted sub nom. Baneyas-Jaen v. Sec'y Homeland Sec.,* No. CV 18-2705, 2019 WL 538354 (D. Minn. Feb. 11, 2019).  Thus, § 2241 is the proper procedural vehicle for a detained removable alien to challenge the legality of his or her continued detention.  Because Gonzalez Ochoa's claim is colorable, the burden is on the Government to rebut the petition.[1]

For the reasons set forth herein:

1.     After a Rule 4 review, this case will be allowed to proceed past initial review.

2.     The Clerk's office is directed to serve, via certified mail, the summons, a copy of the petition, along with a copy of this order, to the respondents in care of the United States Attorney's Office for the Northern District of Iowa.[2]

---

[1] The Eighth Circuit Court of Appeals has held that § 1225(b)(2) applies to similarly situated petitioners and provides no statutory right to a bond hearing.  *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  However, "*Avila* does not foreclose a petitioner from raising an as-applied due process challenge."  *Singh v. Mullin*, No. C26-00053, 2026 WL 1078710, at *2 (N.D. Iowa Apr. 20, 2026).

[2] Alternately the Clerk's office may designate an employee to personally serve a representative of the U.S. Attorney's Office.  If the Clerk's office personally serves the documents set out above, the designated employee shall file on the docket an affidavit memorializing the time, manner and completion of service, along with a notation of who accepted service on behalf of the U.S. Attorney's Office.

3.     Respondents shall file an answer and response to the petition within **14 days** of this order.[3]

4.     Gonzalez Ochoa may file a reply within **5 days** after the answer and response is filed.  The court will then determine whether a hearing or additional briefing is necessary.

**IT IS SO ORDERED** this 15th day of June, 2026.

_____
Leonard T. Strand
United States District Judge

---

[3] Rule 4 of the Rules Governing § 2254 Cases provides that the court must order a response "within a fixed time," giving the court discretion to determine response deadlines.  While 28 U.S.C. § 2243 sets out specific timelines, the Rules Governing § 2254 Cases were enacted by Congress after § 2243 and control in the context of § 2241 cases.  *See Petersen v. Russell*, No. CIV 07-4114, 2009 WL 2191902, at *2 (D.S.D. July 22, 2009); *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985).  The Advisory Committee stated: "In the event an answer is ordered under Rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . . Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors."