**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JORGE GONZALEZ OCHOA,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN D. GARDNER, et al.,<br><br>Respondents. | No. C26-134-LTS-KEM<br><br>**ORDER ON MOTION TO ENFORCE JUDGMENT** |

Petitioner Jorge Gonzalez Ochoa is a Colombian national currently held in civil custody by immigration officials while his removal proceedings are pending. He petitioned for, and was granted, a writ of habeas corpus ordering Respondents (collectively, the Government) to provide him a bond determination hearing so immigration officials could assess his dangerousness and flight risk. After that hearing, an Immigration Judge (IJ) found that Gonzalez Ochoa presented a flight risk requiring his continued detention.

Gonzalez Ochoa has now filed a motion (Doc. 15) to enforce judgment. He argues that the bond hearing failed to comply with my order granting habeas corpus relief. He requests either immediate release or a new bond hearing. The Government has filed a resistance (Doc. 21) and Gonzalez Ochoa has filed a reply (Doc. 22).

I summarized the procedural history in my prior order (Doc. 13) and will not repeat that discussion here. Gonzalez Ochoa's current contention is that the IJ's basis for detention fails to comply with my order because the IJ relied on conduct predating his first habeas corpus case and discounted all his good behavior since. But my order mandated the detention hearing, not the outcome. It was for the IJ to weigh Gonzalez Ochoa's circumstances and to decide whether to grant release on bond. While Gonzalez

Ochoa now claims that my order required the IJ to evaluate only his post-conviction conduct, the order did not purport to limit the scope of IJ's discretion.

This court is not a court of appeals with regard to the merits of an IJ's detention or release decision. Instead, the correct forum to challenge the IJ's decision is the Board of Immigration Appeals. *Gvritishvili v. Mullin*, No. 26-cv-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026); *Iman Hassan v. Mullin*, No. 26-cv-4044 (N.D. Iowa Aug. 3, 2026), ECF 18. Because Gonzalez Ochoa received exactly what this court ordered, and simply does not like the result, his motion (Doc. 15) to enforce judgment is **denied**.

**IT IS SO ORDERED** this 10th day of August, 2026.

Leonard T. Strand
United States District Judge